```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 29, 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MARK KOTTLER, KAREN S. LONG and
ROBERT E. LONG, on their own behalf
and on behalf of all others similarly situated,

        Plaintiffs,

    -against-

DEUTSCHE BANK AG, et al.,

        Defendants.
--------------------------------------------------------X

05 Civ. 7773 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

The facts of this case are fully set forth in Kottler et al., v. Deutsche Bank AG et al., 607 F.Supp.2d 447 (S.D.N.Y. 2009). Briefly stated, in the late 1990s and early 2000s, KPMG, an accounting firm, and Brown & Wood, a law firm, created and sold an illegal tax shelter known as Bond-Linked Issue Premium Structure ("BLIPS") to a group of high net-worth clients seeking to shelter at least $20 million in capital gains. Following this Court's Opinion and Order dated January 9, 2009, Plaintiffs' maintain claims of: (i) conspiracy to defraud; (ii) aiding and abetting fraud; (iii) aiding and abetting breach of fiduciary duty; and (iv) unjust enrichment. Id. at 469-70.

Plaintiffs Mark Kottler, Karen S. Long, and Robert E. Long ("Plaintiffs") now move for: (i) class certification pursuant to Fed. R. Civ. P. Rules 23(a) and 23(b)(3), consisting of all persons and entities who entered into BLIPS transactions in which KPMG and/or Brown & Wood issued opinion letters on the tax consequences of the transactions, and (ii) an order appointing Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Class Counsel under Fed. R. Civ. P. 23(g). The Court denies the motion for class certification, mooting the motion to appoint Class Counsel.

**Class Certification Requirements**

To certify a class, a plaintiff must satisfy the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Two additional showings must be made by plaintiffs under Rule 23(b)(3): predominance (whether law or fact questions common to the class predominate over questions affecting individual members) and superiority (whether class action is superior to other methods). Fed. R. Civ. P. 23(b)(3).

The current standards for Rule 23 class certification in this Circuit are set forth in In re Initial Public Offering Securities Litigation, 471 F.3d 24 (2006):

> (1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met; (3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical to a Rule 23 requirement; (4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement; and (5) a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits.

Id., at 39.

**a. Rule 23(a) Factors**

Plaintiffs satisfy the four requirements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation.

**i. Numerosity**

A class of more than 40 members presumptively satisfies the numerosity requirement of Rule 23(a). Torres v. Gristede's Operating Corp., 2006 U.S. Dist. LEXIS 74039, at *38-39 (S.D.N.Y. Sept. 28, 2006).  Plaintiffs point to over 180 members allegedly injured as a result of their participation in BLIPS; in fact, the U.S. Senate conducted an investigation of the fraud underlying the claims in this case and found that there are at least 186 persons who may fall within the definition of the proposed class. See Report pf the Permanent Subcommittee on Investigations of the U.S. Senate Homeland Security and Governmental Affairs Committee on "The Role of Professional Firms in the U.S. Tax Shelter Industry", at 16, 22 (April 13, 2005) (the "Senate Report"). Accordingly, Plaintiffs' action satisfies the numerosity requirement of Rule 23(a).

**ii. Commonality**

"The commonality requirement is met if plaintiffs' grievances share a common question of law or fact." Gristede's, 2006 U.S. Dist. LEXIS 74039, at *39.  Plaintiffs and all Class members were allegedly victimized by a fundamentally identical scheme to sell BLIPS, and each Class member was similarly injured as a result of participation in that scheme.  Defendants' promotions were based on fraudulent misrepresentations and omissions common throughout the Class.  This common factual nucleus creates common legal questions as to the claims.  Accordingly, Plaintiffs satisfy the commonality requirement of Rule 23(a).

### iii. Typicality

"Typicality… is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Gristede's, 2006 U.S. Dist. LEXIS 74039, at *46. The focus of the typicality inquiry is not on the plaintiffs' behavior, but rather on the defendant's actions. Teachers Ret. Sys. of Louisiana v. ACLN, 2004 U.S. Dist. LEXIS 25927, at *12-13 (S.D.N.Y. Dec. 27, 2004). Plaintiffs' claims arise from a course of conduct in which Defendants allegedly targeted Plaintiffs and other Class members as part of a mass sale of BLIPS. Accordingly, Plaintiffs satisfy the typicality requirement.

### iv. Fair and Adequate Representation

"To determine whether a named plaintiff will be an adequate class representative, courts inquire whether: (1) plaintiff's interests are antagonistic to the interests of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." In re WorldCom Inc. Sec. Litig., 219 F.R.D. 267, 282 (S.D.N.Y. 2003). To satisfy the first prong of the adequacy requirement, a proposed class representative must "posses the same interest and suffer the same injury as the class members." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997). Plaintiffs have allegedly been injured by the same course of conduct that injured other members of the Class, and Plaintiffs have no interests antagonistic to the Class. Plaintiffs have thus far fairly and adequately protected the interests of the Class. Regarding the second prong of the adequacy requirement, Plaintiffs' counsel, Cohen Milstein, an experienced class-action law-firm, is qualified to prosecute claims of the putative Class.

**b. Rule 23(b) Factors**

Plaintiffs, however, fail to satisfy the requirements of Rule 23(b). The Second Circuit has recently raised the standards for class certification, especially in fraud cases, where reliance is a critical element. McLaughlin et. al. v. American Company et. al., 522 F.3d 215 (2d Cir. 2008). Since proving reliance requires an individualized inquiry, McLaughlin held that fraud claims are unsuited for class action treatment, which is based on generalized proof. Id., at 223. Plaintiffs in a fraud-based class-action would need to produce evidence of individualized reliance, resulting in a series of mini-trials within a class-action framework. This would defeat the very purpose of the class-action mechanism.

**i. Predominance**

Plaintiffs fail to satisfy the predominance requirement of Rule 23(b)(3). The reliance prong of the fraud claim necessitates individualized inquires into the motives of the Class members in purchasing the BLIPS, undermining class certification. Furthermore, variations in State law regarding the elements and defenses of the underlying claims are fatal to class certification. See Becnel et al. v. KPMG LLP, et al., 229 F.R.D. 592 (W.D. Ark. Aug. 9, 2005) (finding that a similarly-defined class failed to meet any of the Rule 23 class certification requirements).

To satisfy the predominance prong of Rule 23(b)(3), a plaintiff must show that "common proof will predominate at trial with respect to the essential elements of liability of the underlying causes of action." Grandon v. Merrill Lynch & Co., 2003 WL 22118979, at *3 (S.D.N.Y. Sept. 11, 2003). Fraud claims require proof of reliance on a deceptive act that proximately caused a plaintiff to be damaged. Muller-Paisner v. TIAA, 2008 WL 3842899, at *1 (2d Cir. 2008). Varied misrepresentations preclude class certification in a fraud claim. Moore v. Painewebber,

306 F.3d 1247, 1253 (2002) ("liability for fraudulent misrepresentations cannot be established simply by proof of a central, coordinated scheme").  District courts engage in a choice-of-law analysis at the class certification stage. In re Grand Theft Auto Videogame Consumer Litig,, 251 F.R.D. 139 (S.D.N.Y. 2008) (holding that courts "must determine which states' laws properly apply to the plaintiffs' various claims for relief" before addressing whether a class should be certified).  Reliance and causation are inherently individualized elements and generally not susceptible to common proof. See e.g., In re St. Jude Med., Inc., 522 F.3d 836, 838 (8th Cir. 2008).

In McLaughlin, 522 F.3d 215, plaintiffs sought to certify a class of cigarette smokers who were defrauded by the manufacturer's advertising claims.  In the context of a claim for consumer fraud, the Court held that generalized proof of reliance was insufficient and therefore precludes class certification. Id., at 223 ("R]eliance on a uniform misrepresentation cannot be the subject of general proof.").  The Court declined to adopt the Fifth Circuit's blanket rule that "a fraud class action cannot be certified when individual reliance will be an issue." McLaughlin, 522 F.3d at 224 (citing Castano v. Am. Tobacco Co., 84 F.3d 734, 745 (5th Cir. 1996)).  While "some fraud actions do appear within the contemplation of Rule 23's drafters," id. at 224-25, the McLaughlin Court did not elaborate on what they might be.  What is clear, however, is that there are higher standards for class certification in fraud actions.

Plaintiffs argue that McLaughlin relates only to fraud in the sale of consumer products (like cigarettes) but not to misrepresentations in the sale of financial products (like tax shelters). McLaughlin, however, bases its rationale in part on Moore, a case that implicated fraud in the sale of financial products. Id., at 223 ("We took account of this idea in Moore, when we recognized that "a fraud case may be unsuited for treatment as a class action if there was material

6

variation… in the kinds or degrees of reliance"). McLaughlin thus does not uphold a neat financial/consumer dichotomy.

Here, individualized proof would predominate at trial. BLIPS clients entered into the transaction for individualized reasons. The BLIPS' sales presenters had common materials such as a PowerPoint presentation, but the presentations were made at different times, at different places, to different people. We know already that consumer recollections of the presentations vary. Some people thought the presentation was to make money; others thought it was a tax scheme. It is entirely possible that some did not rely on the presentation at all, and were willing to try a strategy which "more likely than not" (i.e., 51% chance of success) would reduce their tax burden. Different KPMG partners pitched BLIPS across the country – in twenty-two states. These states, moreover, have variations in their applicable fraud law that would make a proposed trial unmanageable, especially when coupled with variations in culpability among the alleged conspirators and in damage determinations.

As with Plaintiffs' fraud claims, so with their aiding and abetting breach of fiduciary duty and unjust enrichment claims. Proof of proximate cause is necessary to a claim of aiding and abetting breach of fiduciary duty. Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. LLC, 566 F. Supp. 2d 295, 300 (S.D.N.Y. 2000). Additionally, variations in state law have generally precluded nationwide class certifications based on unjust enrichment theories. Thompson v. Jiffy Lube Int'l, Inc., 250 F.R.D. 607, 626 (D. Kans. 2008).

Plaintiffs cannot satisfy Rule 23(b)(3)'s predominance requirement.

**ii. Superiority**

Nor do Plaintiffs satisfy Rule 23(b)(3)'s superiority requirement. The goal of class actions is to "achieve economies of time, effort and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness." Amchem Prods., 521 U.S. at 615. Rule 23(b)(3) sets forth the following factors that courts should consider in making a "superiority" determination: (a) the interest of members of the class in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (c) the desirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

The Class members are high net-worth investors with large claims, capable of litigating individually; indeed, approximately 25 class members have already brought individual lawsuits and others have settled their claims without filing actions. See Becnel, 229 F.R.D., at 598 (declining to certify a similarly-defined class for failure to satisfy the superiority requirement of Rule 23(b)(3) since (i) myriad of individual suits filed by the putative class; (ii) the putative class included wealthy investors who were financially able to prosecute their own individual claims; and (iii) the damages of individual class members were significant). Consequently, Plaintiffs fail to satisfy Rule 23(b)(3)'s superiority requirement.

\* \* \*

Accordingly, the Court DENIES Plaintiffs' class certification motion. This ruling MOOTS Plaintiffs' motion to appoint Class Counsel. The parties are directed to appear for a status conference on April 29, 2010 at 4:30 p.m. The Clerk of the Court is directed to close out the pending motion in this case (Dkt# 86).

Dated: New York, New York
March 29, 2010

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge